OPINION
{1} Although this appeal was originally assigned to our accelerated calendar, we have elected to issue a full written opinion in accordance with Loc.R. 12(5). Defendant-appellant, Paul D. Myers, appeals the judgment of the Hardin County Municipal Court, sentencing him to serve a term of ten (10) days in the Hardin County jail for contempt of court for the failure to pay court costs incurred from two separate convictions.
{2} Appellant was convicted of one count of assault on January 28, 2000. Appellant was sentenced to ten days in jail (eight days suspended), ordered to perform community service, complete an anger management program, and pay fines and costs. Thereafter, on April 4, 2002, appellant was convicted of two counts of failing to file Village of Alger, Hardin County, tax returns. Appellant was fined $50.00 on each count and was also ordered to pay costs.
{3} After many attempts by the trial court to collect the fines and costs owed by the appellant, a "show cause" hearing was held on February 11, 2003. At the proceeding, appellant was sentenced to ten (10) days in jail, with the jail term being there stayed pending this appeal. The appellant asserts one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred by finding Paul D. Myers, an indigent person, inwillful contempt of court for failing to pay court costs, because courtcosts are a civil debt, and as such, a criminal contempt proceeding isnot a proper method by which to collect a civil debt.
{4} Prior to the show cause hearing, the trial court provided appellant with an itemized list of fines and costs associated with the previous assault charge and the two counts of failure to file tax returns. The resulting fines totaled $350.00, and court costs totaled approximately $2,400.00. At the beginning of the show cause hearing, appellant purged himself of the fines assessed against him by tendering the sum of $350.00 to the trial court, which the court agreed would be applied to appellant's fines. Appellant then orally moved the court to dismiss the contempt action on the grounds that the proceeding was now for the collection of costs alone, and, as such, was a civil action matter, and not a proper subject for criminal contempt. The trial court overruled appellant's motion and the matter proceeded to the contempt hearing. Appellant then pleaded no contest to the contempt charge for non-payment of his court costs. After appellant claimed that he was unable to pay, the trial court found him, as stated in the judgment entry, "[g]uilty of Contempt of Court for the nonpayment of his court costs,"[1] and sentenced him to ten (10) days in jail.
{5} Appellant does not challenge the amount of court costs assessed against him. He does however, argue that a judgment for costs in a criminal action is a civil obligation and may only be collected through civil remedies. Therefore, the appellant claims the trial court erred in sentencing him to jail.
{6} The issue raised herein has previously been decided by the Supreme Court of Ohio in Strattman v. Studt.[2] In Strattman, the Court found that the duty to pay court costs is a civil obligation arising from an implied contract, and that obligations and judgments arising therefrom are debts that are within the purview of § 15, Article I of the Ohio Constitution, which forbids imprisonment for debt in civil actions.[3]
 {7} The Court explained as follows:
A major distinction exists between fines and costs. In both criminaland civil cases, costs are taxed against certain litigants for thepurpose of lightening the burden on taxpayers financing the court system.Statutory provisions for payment of court costs were not enacted to serveas punitive, retributive, or rehabilitative purpose, as are fines.
An indigent person taxed with costs in a civil action is not jailed towork off this obligation. Section 15, Article I of the OhioConstitution, expressly prohibits imprisonment for civil debt. Incriminal cases, court costs, assessed to defray the administrative costsof the litigation, are likewise subject to the same prohibition. Thepurpose of assessing costs in criminal and in civil cases is the same andthere is no justification for imprisonment for nonpayment of costs incriminal cases but not in civil cases.
By being involved in court proceedings, any litigant, by impliedcontract, becomes liable for the payment of court costs if taxed as apart of the court's judgment. A judgment for costs in a criminal case is acivil, not a criminal, obligation, and may be collected only by themethods provided for the collection of civil judgments. To hold otherwisewould permit that which is constitutionally prohibited.[4]
 {8} In accordance with the foregoing,[5] we sustain appellant's assignment of error, and reverse the order of the trial court and vacate the ten (10) day jail.
{9} Once the appellant purged himself of the fines imposed by the trial court, the outstanding costs owed by appellant, as stated above, can only be collected by methods available for the collection of civil judgments. The appellant is not absolved of his responsibility for these costs. If the appellant is not indigent, or if he becomes no longer indigent in the future,[6] the debt obligation would become due and the court may collect the debt obligation through civil collection methods.
{10} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
Bryant, P.J., Walters, J., concur.
[1] Emphasis added.
[2] Strattman v. Studt (1969) 20 Ohio St.2d 95.
[3] Strattman v. Studt (1969) 20 Ohio St.2d 95, at paragraph 7 of the syllabus. Article I, § 15 of the Ohio Constitution provides that "[n]o person shall be imprisoned for the debt in any civil action, on mesne or final process, unless in cases of fraud."
[4] Emphasis added. Strattman v. Studt (1969) 20 Ohio St.2d 95, at 102 and 103.
[5] See also, State v. Arundell (January 14, 1987) App. Montgomery, No. CA 9730, in which the Second District Court of appeals reversed the order of the trial court because, in short, the trial court had determined the length of the appellant's jail sentence based on the amount of fines and costs he owed. The appellate court determined that the appellant could not be sentenced to a jail term in order to satisfy the portion of his debt that was assessed for court costs.; See also,Strongsville v. Waiwood (1989) 62 Ohio App.3d 521, where the Eight District Court of Appeals found that an arrest warrant issued after defendant failed to attend a hearing for failure to pay court costs was found to be defective because failure to pay court costs is a civil liability not an obligation, such as a fine, that subjects a debtor to arrest.
[6] The appellant has repeatedly been found to be indigent for the purpose of appointing counsel. It appears, based upon the financial statements submitted by the appellant to the trial court, that the appellant may in fact be indigent. We note, however, that there has been no direct determination made by the trial court that the appellant is indigent in regards to his ability to pay court costs.